# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VIOLA ADKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-2206-JAR-TJJ |
| ) | |
| VINAYA KODURI, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), Plaintiff may file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

This matter is before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 6). Under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[1] The decision to grant or deny

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting

*in forma pauperis* status under § 1915 lies within the sound discretion of the trial court.[2] In addition to the plaintiff's financial status, the court is to consider whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[3] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4]

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[5] Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[6] In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable

---

any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

[3] 28 U.S.C. § 1915(a)(1).

[4] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[6] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

inferences that might be drawn from them, in the light most favorable to the plaintiff."[7]

In making this analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[8] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[10] *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[11]

The court must also consider whether it has subject matter jurisdiction to hear and resolve the action. Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when authorized.[12] "A court lacking jurisdiction . . . must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[13] Moreover, the court has a duty to raise and resolve subject matter jurisdiction even if the existence of jurisdiction is not challenged by a party.[14]

---

[7] *Id.*

[8] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Lyons v. Kyner*, 367 F. App'x. 878, 881 (10th Cir. 2010).

[11] *Hall*, 935 F.2d at 1108.

[12] *Pfuetze v. Kansas*, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010).

[13] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[14] *Id.* at 873.

Plaintiff's complaint asserts three bases for jurisdiction: 28 U.S.C. § 1291, 28 U.S.C. § 1295(a), and mandamus.[15] The first two are not jurisdictional statutes and do not grant this court authority to hear Plaintiff's case. Mandamus is authorized by 28 U.S.C. § 1361, which states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[16] Section 1361 provides a remedy for a plaintiff only if she has exhausted all other avenues of relief and only if the defendants owes her a clear nondiscretionary duty.[17] "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."[18] To grant mandamus relief, a court must find that (1) the plaintiff has a clear right to the relief she is seeking; (2) the defendant has a plainly defined and peremptory duty to do the action in question; and (3) no other adequate remedy is available.[19]

Plaintiff has brought this action against an individual whom she does not identify as an officer or employee of the United States or any agency. Instead, the named Defendant is a doctor against whom Plaintiff previously asserted a medical malpractice claim in this court in Case No. 16-cv-4134-DDC-KGS. In fact, Plaintiff attaches to her Complaint a copy of the Memorandum and Order dismissing her 2016 case for lack of subject matter jurisdiction, and the only factual allegations in her Complaint refer to the same malpractice claim. Plaintiff is not seeking to

---

[15] Compl., ECF No. 1 at 1.

[16] 28 U.S.C. § 1361

[17] *Hecker v. Ringer*, 466 U.S. 602, 616-17 (1984).

[18] *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).

[19] *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

compel "an officer or employee of the United States or any agency thereof" to take any action, and mandamus is not available to her.

Moreover, Plaintiff has not identified the underlying basis for any alleged right she has to the relief she seeks, nor has she identified the basis for contending that Defendant owes her any duty. If Plaintiff believes mandamus is an avenue to appeal the dismissal of her 2016 case, she is incorrect. Plaintiff unsuccessfully appealed that dismissal to the Tenth Circuit U.S. Court of Appeals, and she cannot establish she is entitled to mandamus relief by merely asking for it. Section 1361 does not confer subject matter jurisdiction over Plaintiff's Complaint.

A review of the Complaint reveals no basis to believe that, if given the opportunity to amend the Complaint, Plaintiff could state a claim over which this court would have jurisdiction. Plaintiff has demonstrated that subject matter jurisdiction based on the diversity of the parties does not exist, as her Complaint alleges both she and Defendant are citizens of Kansas. The undersigned therefore finds it would be futile to grant Plaintiff leave to amend her Complaint. Accordingly, the undersigned recommends to the District Judge that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction and Plaintiff's Motion to Proceed Without Prepayment of Fees be denied as moot.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction and Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 6) be denied as moot.

Respectfully submitted.

Dated this 29th day of June, 2021 at Kansas City, Kansas.

                                                    Teresa J. James
                                                    U. S. Magistrate Judge