IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VIOLA ADKINS,

    Plaintiff,

v.

VINAYA KODURI,

    Defendant.

Case No. 21-CV-2206-JAR-TJJ

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Viola Adkins filed this action *pro se* on May 4, 2021 against a physician, Defendant Vinaya Koduri. Plaintiff previously asserted a medical malpractice claim against Defendant in a separate case that was dismissed by United States District Judge Daniel Crabtree on October 3, 2016 for lack of subject matter jurisdiction, a decision affirmed by the Tenth Circuit Court of Appeals.[1] Although Plaintiff's handwritten Complaint is difficult to follow, its only factual allegations refer to the same medical negligence claim she unsuccessfully asserted in 2016. Specifically, Plaintiff alleges that Defendant refused to treat a cyst, which is causing her pain.

Plaintiff sought leave to proceed *in forma pauperis*.[2] On June 29, 2021, United States Magistrate Judge Teresa J. James filed a Report and Recommendation in which she recommended that the Court dismiss this action for lack of subject matter jurisdiction and deny

---

[1] *Adkins v. Koduri*, No. 16-4134-DDC-KGS, 2016 WL 5745550, at *2−3 (D. Kan. Oct. 3, 2016), *aff'd*, 688 F. App'x 589 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 360 (2017). The Tenth Circuit also affirmed Judge Crabtree's denial of Plaintiff's motion for reconsideration. *See Adkins v. Koduri*, No. 16-4134-DDC-KGS, 2018 WL 3438792, at *1 (D. Kan. July 17, 2018), *aff'd*, 755 F. App'x 751 (10th Cir. 2018).

[2] Doc. 6.

Plaintiff's motion for leave to proceed *in forma pauperis* as moot.[3] On July 8, 2021, Plaintiff timely filed an objection to the Report and Recommendation.[4] Plaintiff's objection is extremely difficult to decipher. From what the Court can gather, Plaintiff believes that she is in some manner appealing or asserting mandamus under 28 U.S.C. § 1361 as a basis for this Court to reconsider or reverse Judge Crabtree's prior decision.

Because Plaintiff proceeds *pro se*, the Court must construe her pleadings liberally and apply a less stringent standard than that which applies to attorneys.[5] "Nevertheless, [Plaintiff] bears 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"[6] The Court may not provide "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[7]

The Court has reviewed Judge James's analysis in this case. After a *de novo* determination upon the record, and liberally construing Plaintiff's Complaint, the Court agrees with Judge James's proposed disposition of this matter. As Judge Crabtree, Judge James, and the Tenth Circuit have all previously explained, Plaintiff has not asserted a basis for federal jurisdiction over her medical malpractice claim against Defendant. Plaintiff alleges that she and Defendant are both citizens of Kansas,[8] meaning that diversity jurisdiction does not exist.[9] Nor does Plaintiff allege a basis for federal question jurisdiction.[10] Of the three federal statutes she

---

[3] Doc. 7.

[4] Doc. 9.

[5] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[6] *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[7] *Whitney*, 113 F.3d at 1173–74 (citing *Hall*, 935 F.2d at 1110).

[8] Doc. 2 at 1.

[9] *See* 28 U.S.C. § 1332.

[10] *See id.* § 1331.

cites to support jurisdiction, two are not jurisdictional statutes and the third is a statute authorizing mandamus.[11] However, mandamus provides for original jurisdiction in federal district courts only where the plaintiff seeks to compel an officer or employee of the United States, or any agency thereof, to perform a duty owed to her.[12] Plaintiff does not allege that Defendant is an officer or employee of the United States, and the mandamus statute therefore does not confer subject matter jurisdiction over her claims. To the extent that Plaintiff believes she can use mandamus to appeal the dismissal of her prior case or to compel Judge Crabtree to reverse his prior decision, she is mistaken. Plaintiff has already appealed to the Tenth Circuit and lost, and the United States Supreme Court denied certiorari in her case.

The Court will not repeat here what Judge Crabtree and the Tenth Circuit have previously explained in depth, other than to say that there is no federal basis for Plaintiff's medical malpractice claim, despite her attempt to couch it as a civil rights claim.[13] As the Tenth Circuit noted, if Plaintiff "is entitled to any relief, it will be through state judicial or administrative proceedings."[14] Accordingly, this Court agrees with Judge James's conclusion that Plaintiff has failed to establish subject matter jurisdiction over her claims against Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's objection to Judge James's June 29, 2021 Report and Recommendation (Doc. 9) is **overruled**. The Court adopts Judge James's Report and Recommendation (Doc. 7) and, accordingly, Plaintiff's claims are **dismissed without prejudice** for lack of subject matter jurisdiction and Plaintiff's Motion to Proceed *in*

---

[11] *See* Doc. 1 at 1 (citing 28 U.S.C. § 1291, 28 U.S.C. § 1295(a), and 28 U.S.C. 1361).

[12] *See* 28 U.S.C. § 1361.

[13] *Adkins v. Koduri*, 755 F. App'x 751, 753 (10th Cir. 2018); *Adkins v. Koduri*, No. 16-4134-DDC-KGS, 2016 WL 5745550, at *2 (D. Kan. Oct. 3, 2016), *aff'd*, 688 F. App'x 589 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 360 (2017).

[14] *Adkins*, 755 F. App'x at 754.

*forma pauperis* (Doc. 6) is **denied as moot.**

Dated: July 13, 2021

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  CHIEF UNITED STATES DISTRICT JUDGE